J-S31027-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| QADIR TAYLOR | : | |
| | : | |
| Appellant | : | No. 2278 EDA 2020 |

Appeal from the PCRA Order Entered October 29, 2020
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0011315-2009

BEFORE:   STABILE, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KING, J.:                     **FILED OCTOBER 22, 2021**

Appellant, Qadir Taylor, appeals from the order entered in the Philadelphia County Court of Common Pleas, which denied his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.  We affirm and grant counsel's request to withdraw.

The relevant facts and procedural history of this case are as follows.  On October 24, 2012, Appellant entered a negotiated guilty plea to third-degree murder, firearms not to be carried without a license, and carrying firearms on public streets in Philadelphia.  At the plea hearing, the Commonwealth set forth the relevant underlying facts of the case as follows:

> Your Honor, on May 15th of 2007 at approximately 11:54 p.m., 19th District Police personnel, Philadelphia Police personnel responded to [a] radio call of [a] person with a

_____

[*] Retired Senior Judge assigned to the Superior Court.

gun/shots fired on a highway at 1600 North Robinson Street, that would be Robinson Street and Lansdowne Avenue in West Philadelphia.

Upon arrival, police found the victim identified as Shawn Amir May, 22-year-old black male. … He was lying faceup on the highway suffering from multiple gunshot wounds for the face, chest and throat.

He was pronounced dead at the scene by Medic Number 23 at 12:18 a.m. The scene was processed by crime scene unit. Thirteen fired cartridge casings of .357 Sig caliber were found along with pieces of bullet fragments/projectiles. Those items were submitted to the firearms identification unit. I can tell Your Honor that those 13 fired cartridge casings were found to involve and be fired from the same firearm.

Your Honor, if Cornell Drummond was called to testify, he would testify that he did know Shawn Amir May. …

He did know the victim in this case. He also knew [Appellant]. They all hung together, were loosely known as the Lansdowne Avenue boys and [Appellant], as a matter of fact, has a tattoo on his left arm, L.A., which signifies he is a member of the Lansdowne Avenue crew. [Mr.] Drummond was also a member of this group.

He was with the victim at the time that he was shot and killed. They were standing outside. [Appellant], who apparently had some sort of falling out with [Victim]…over drugs allegedly missing from an apartment. They were both alleged to be involved in drug sales.

At that time, according to Mr. Drummond, [Appellant] came out of the alleyway on Robinson Street and ran up to Mr. May, fired a handgun once, striking him in the back of the neck area. At that point, the victim fell to the ground and [Appellant] ran back toward the alleyway that he came out of.

[Appellant] at that point turned around, came back to where the victim had fallen, produced, again, a black semi-automatic handgun and stood over the victim and fired

approximately ten more times, striking him in the front of his person, in the chest, neck and face area. [Appellant], then, again, ran back toward the alleyway and ran into the alleyway and disappeared from sight. …

(N.T. Guilty Plea Hearing, 10/24/12, at 21-24). After accepting Appellant's guilty plea as knowing, intelligent, and voluntary, the court imposed the negotiated aggregate sentence of 25 to 50 years' imprisonment. Appellant did not file post-sentence motions or a direct appeal.

On June 25, 2018, Appellant filed the instant *pro se* PCRA petition. Appellant claimed, *inter alia*, he recently obtained "after-discovered evidence" in the form of Mr. Drummond's recantation of his statements to police. Specifically, Appellant alleged that on June 20, 2018, he received from Attorney Terri Himebaugh (who is representing Appellant in a separate case) an affidavit from Mr. Drummond, dated June 6, 2018. In the affidavit, Mr. Drummond admits to falsifying testimony against Appellant and others in exchange for sentencing leniency in his own case. Regarding this case, Mr. Drummond stated that he was not actually at the murder scene on the night in question and lied to authorities as part of a "deal" to receive seven years off his own sentence. Mr. Drummond also discussed other cases in which Mr. Drummond claimed that Detective Pitts essentially told him what to say.

On October 12, 2018, the court appointed PCRA counsel, who filed an amended petition on January 2, 2019, and a supplemental amended petition on October 22, 2019. In the amended filings, counsel reiterated Appellant's *pro se* claims and invoked the "newly-discovered facts" exception to the PCRA

time-bar. Appellant alleged that he could not have discovered Mr. Drummond's recantation sooner with the exercise of due diligence because Mr. Drummond had concealed his false statements until that time. Appellant also indicated that Mr. Drummond recanted his trial testimony against Appellant concerning another homicide case as well.

The Commonwealth filed an answer on January 16, 2020. The Commonwealth noted that Detective Pitts was not involved in this matter, so any allegation that Detective Pitts coerced Mr. Drummond's statements to police did not implicate this case. Further, the Commonwealth submitted that Mr. Drummond's affidavit did not satisfy the time-bar exception because in 2011, Appellant was aware that Mr. Drummond had expressed a willingness to recant his trial testimony in another homicide case involving Appellant. Thus, the Commonwealth alleged that Appellant could have discovered Mr. Drummond's alleged willingness to recant in this case sooner, with the exercise of due diligence. The Commonwealth also stressed that most of Mr. Drummond's affidavit involved recantation of other cases not involving Appellant. For these reasons, the Commonwealth disagreed with Appellant's entitlement to PCRA relief.

On September 23, 2020, the court issued notice of its intent to dismiss the petition without a hearing per Pa.R.Crim.P. 907. Appellant did not respond. The parties appeared before the court again on October 29, 2020. At that time, PCRA counsel indicated that he had spoken with Mr. Drummond

and Mr. Drummond agreed to appear before the court on that date at 9:00 a.m. Nevertheless, Mr. Drummond did not appear. The court took a recess so PCRA counsel could try to contact Mr. Drummond, but PCRA counsel was unsuccessful in that endeavor. At 10:37 a.m., the court indicated that it would formally deny PCRA relief, in the absence of any testimony from Mr. Drummond. The court stressed that if Mr. Drummond showed up later in the day, counsel could alert the court. However, Mr. Drummond did not appear in court. Thus, the court formally denied PCRA relief.

Appellant timely filed a notice of appeal. On December 18, 2020, the court ordered Appellant to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b). In response, counsel filed a statement of intent to withdraw, per Pa.R.A.P. 1925(c)(4).

Preliminarily, appellate counsel has filed a motion to withdraw as counsel. Before counsel can be permitted to withdraw from representing a petitioner under the PCRA, Pennsylvania law requires counsel to file a "no-merit" brief or letter pursuant to **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). **Commonwealth v. Karanicolas**, 836 A.2d 940 (Pa.Super. 2003).

> [C]ounsel must…submit a "no-merit" letter to the [PCRA] court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

*Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa.Super. 2007). Counsel must also send to the petitioner a copy of the "no-merit" letter or brief and motion to withdraw and advise petitioner of his right to proceed *pro se* or with privately retained counsel. *Id.* "Substantial compliance with these requirements will satisfy the criteria." *Karanicolas, supra* at 947.

Instantly, appellate counsel filed a motion to withdraw as counsel and a brief[1] detailing the nature of counsel's review and explaining why Appellant's issues lack merit. Counsel's brief also demonstrates he reviewed the certified record and found no meritorious issues for appeal. Counsel notified Appellant of counsel's request to withdraw and advised Appellant regarding his rights. Thus, counsel substantially complied with the *Turner*/*Finley* requirements. *See Wrecks, supra*; *Karanicolas, supra*.

Counsel raises the following issue on Appellant's behalf:[2]

> Did the PCRA Court err when it dismissed [Appellant]'s PCRA petition where [Appellant]'s witness did not appear at the

---

[1] Counsel designated the brief as one per *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), which applies to attorneys seeking to withdraw representation on direct appeal. We can accept counsel's filing in this case as a *Turner*/*Finley* brief. *See Commonwealth v. Fusselman*, 866 A.2d 1109, 1111 n.3 (Pa.Super. 2004), *appeal denied*, 584 Pa. 691, 882 A.2d 477 (2005) (stating Superior Court can accept *Anders* brief in *lieu* of *Turner*/*Finley* brief, where PCRA counsel seeks to withdraw on appeal).

[2] Appellant filed a *pro se* reply to counsel's filing, in which Appellant challenges the court's denial of PCRA relief and raises new theories on appeal. Nevertheless, we cannot review claims raised for the first time on appeal. *See* Pa.R.A.P. 302(a) (stating issues not raised in PCRA court are waived and cannot be raised for first time on appeal).

evidentiary hearing?

(**Turner**/**Finley** Brief at 5).

As an additional preliminary matter, the timeliness of a PCRA petition is a jurisdictional requisite. **Commonwealth v. Hackett**, 598 Pa. 350, 956 A.2d 978 (2008), *cert. denied*, 556 U.S. 1285, 129 S.Ct. 2772, 174 L.Ed.2d 277 (2009). Pennsylvania law makes clear that no court has jurisdiction to hear an untimely PCRA petition. **Commonwealth v. Robinson**, 575 Pa. 500, 837 A.2d 1157 (2003). The PCRA requires a petition, including a second or subsequent petition, to be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S.A. § 9545(b)(3).

Generally, to obtain merits review of a PCRA petition filed more than one year after the judgment of sentence became final, the petitioner must allege and prove at least one of the three timeliness exceptions:

> (i)  the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). As well, "[a]ny petition invoking an exception…shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2) (as amended, effective Dec. 24, 2018, for claims arising on or after Dec. 24, 2017).

To meet the "newly-discovered facts" timeliness exception set forth in Section 9545(b)(1)(ii), a petitioner must demonstrate that "he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence." *Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa.Super. 2015), *appeal denied*, 633 Pa. 761, 125 A.3d 1197 (2015). Due diligence requires the petitioner to take reasonable steps to protect his own interests. *Commonwealth v. Carr*, 768 A.2d 1164 (Pa.Super. 2001). A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence; this rule is strictly enforced. *Commonwealth v. Monaco*, 996 A.2d 1076 (Pa.Super. 2010), *appeal denied*, 610 Pa. 607, 20 A.3d 1210 (2011).

To obtain relief on a substantive after-discovered-evidence claim under the PCRA once jurisdiction is established, a petitioner must demonstrate: (1) the evidence has been discovered after trial and it could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is

not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict. ***Commonwealth v. Washington***, 592 Pa. 698, 927 A.2d 586 (2007). ***See also Commonwealth v. Small***, 647 Pa. 423, 189 A.3d 961 (2018) (discussing quality of proposed "new evidence" and stating new evidence must be of higher grade or character than previously presented on material issue to support grant of new trial). "Further, the proposed new evidence must be producible and admissible." ***Commonwealth v. Smith***, 609 Pa. 605, 629, 17 A.3d 873, 887 (2011), *cert. denied*, 567 U.S. 937, 133 S.Ct. 24, 183 L.Ed.2d 680 (2012).

Instantly, the court sentenced Appellant on October 24, 2012, and he did not seek direct review. Thus, his judgment of sentence became final on November 23, 2012, after expiration of the time in which to file a notice of appeal. ***See*** Pa.R.A.P. 903(a) (stating notice of appeal shall be filed within 30 days after entry of order or judgment from which appeal is taken). Appellant did not file the current PCRA petition until June 25, 2018, which is patently untimely. ***See*** 42 Pa.C.S.A. § 9545(b)(1). Appellant attempted to invoke the newly-discovered facts exception, claiming he did not receive Mr. Drummond's affidavit until June 20, 2018, and that he could not have discovered this evidence sooner with the exercise of due diligence. Additionally, Appellant insisted that Mr. Drummond's affidavit satisfied the substantive after-discovered evidence test.

In rejecting Appellant's claim, the PCRA court stated, *inter alia*:

On June 6, 2018, [Mr.] Drummond signed an affidavit stating that he lied about [Appellant] committing the murder in order to get his time reduced and that Detective Pitts told Mr. Drummond what to say.

[Appellant] pleads an exception to the timeliness requirement. There may be a slight problem with that exception and that being that [Mr.] Drummond was a witness to three separate murders, two of them committed by [Appellant], and that [Mr.] Drummond had offered to recant his testimony on a separate murder involving [Appellant], I believe, before…[Appellant] pled guilty [in this case].

So to say that [Appellant] was totally unaware that [Mr.] Drummond would be open, let's say, to recanting his testimony, I'm not so sure that [Appellant] would prevail on that. I am not sure he makes out [a newly]-discovered fact but in an abundance of caution…assuming that [Appellant] has pled a fact, a new fact, then the [c]ourt will do that analysis.

* * *

The after-discovered evidence that [Appellant] brings forward is the recantation of [Mr.] Drummond. Recantation testimony, as we know, is to be looked at with a jaundice eye. When seeking a new trial based on recantation testimony, [Appellant] must establish that, one, the evidence has been discovered after trial and it could not have been obtained at or prior to trial through reasonable diligence; two, the evidence is not cumulative; three, it is not being used solely to impeach credibility and, four, it would likely compel a different verdict.

In the instant matter, [Appellant] is not entitled to relief for a number of reasons. Foremost, the credibility of [Mr.] Drummond's recantation is highly suspect. [Mr.] Drummond claims that Detective Pitts fed him false information. [Mr.] Drummond's statement was taken by Detective McDermott. …Detective Pitts was [not] even involved in the case.

* * *

Nor is this the first homicide in which [Mr.] Drummond has offered to recant his testimony. [Mr.] Drummond was a witness against [Appellant] for the 2008 murder of Sabir McCants and [Appellant] was convicted for that killing on February 22, 2011. Sometime between that date and June 28, 2011, [Appellant] and [Mr.] Drummond were incarcerated together. At that time, [Mr.] Drummond told [Appellant] that he was willing to retract any and all testimony he made during the trial. That is in writing and attache[d] as an exhibit.

On December 10, 2019, [Mr.] Drummond was supposed to appear before Judge Minehart to do just that. However, [Mr.] Drummond failed to appear….

\* \* \*

Then he didn't show up in another matter before Judge Bronson [not involving Appellant]. Both PCRA's were denied and dismissed based on Mr. Drummond's failure to appear and carry through with his recantation.

[Mr.] Drummond's recantation aside, [Appellant] gave a statement in this matter indicating that he shot the decedent. [Appellant] claimed that he shot the decedent in self-defense. However, that claim was contradicted by the physical evidence in the case and [Appellant] decided in the end to plead guilty.

[Appellant] would have faced a life sentence in this particular matter for the way that the murder was committed and, instead, he received the benefit of a 25 year sentence. The decedent was shot the first time in the back of his neck before he collapsed and then [Appellant] shot him ten more times as he lay on the ground.

I think there is also another eyewitness to the case but that person wasn't read into the record at the guilty plea. I don't know why. So [Mr.] Drummond wouldn't even be the singular witness against [Appellant] in this matter.

So, therefore, the [c]ourt finds that, one, it wouldn't be a newly discovered fact, a new fact, …based on [Mr.]

- 11 -

> Drummond's past offering to recant before this case even came to trial, on other cases. So not only is it not a new fact but if one could find that it [was] a new fact, it would certainly not change the outcome of this particular matter. Therefore, the PCRA is denied and 907 notice will be sent and we will give it thirty days back here.

(N.T. Rule 907 Notice Hearing, 9/23/20, at 8-14).

We agree with the PCRA court's determination that Appellant cannot satisfy the asserted time-bar exception. As the PCRA court explained, the record discloses that in 2011, Mr. Drummond offered to recant his testimony against Appellant concerning another homicide. Based on that knowledge, we cannot agree with Appellant's contention that he exercised due diligence by waiting until Mr. Drummond authored an affidavit in 2018 recanting his testimony in this case. Significantly, Appellant does not explain why he did not reach out to Mr. Drummond sooner to uncover whether Mr. Drummond had also fabricated his statement in the instant case. Thus, Appellant's current petition remains time-barred.[3] *See Brown, supra*; *Monaco, supra*; *Carr, supra*. Upon our independent review of the record, we agree with counsel that the appeal is frivolous. Accordingly, we affirm the order denying PCRA relief and grant counsel's petition to withdraw.

Order affirmed. Petition to withdraw is granted.

---

[3] We further agree with the PCRA court that Appellant's claim would have failed the substantive after-discovered evidence test as well. We emphasize that Mr. Drummond failed to appear at the October 29, 2020 hearing to offer the court testimony concerning his alleged recantation. *See Small, supra*; *Smith, supra*.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/22/2021</u>